DANIEL L. WARSHAW (Bar No. 185365)
  dwarshaw@pwfirm.com
**PEARSON WARSHAW, LLP**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
Telephone: (818) 788-8300
Facsimile:  (818) 788-8104

PAUL R. KIESEL (Bar No. 119854)
  kiesel@kiesel.law
JEFFREY A. KONCIUS (Bar No. 189803)
  koncius@kiesel.law
MAHNAM GHORBANI (Bar No. 345360)
  ghorbani@kiesel.law
**KIESEL LAW LLP**
8648 Wilshire Boulevard
Beverly Hills, California 90211
Telephone: (310) 854-4444
Facsimile: (310) 854-0812

Attorneys for Plaintiff Steven Cohen and the Proposed Class
*Additional Counsel Listed on Signature Page*

PEARSON WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| IN RE: ENTERTAINMENT PARTNERS DATA BREACH LITIGATION<br><br>This Document Relates To:<br>All Cases | Lead Case No. 2:23cv06546CAS-(PVCx)<br><br>APPLICATION FOR APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL AND LIAISON COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>Date:     October 23, 2023<br>Time:     10:00 a.m.<br>Crtrm.:   8D<br>Judge:   Honorable Christina A. Snyder |

## __NOTICE OF MOTION__

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, please take notice that on Octoer 23, 2023 at 10:00 a.m., or at any time set by the Court thereafter, Plaintiff Steven Cohen[1] does and hereby moves the Court for appointment of his counsel, James Pizzirusso of Hausfeld LLP and Daniel L. Warshaw of Pearson Warshaw, LLP as Interim Co-Lead Class Counsel and Paul R. Kiesel of Kiesel Law LLP as Liaison Counsel pursuant to Federal Rule of Civil Procedure 23(g). The motion is based upon the Memorandum of Points and Authorities, the argument of counsel, all papers and records on file in this case, and such other matters as the Court may consider.

DATED:  September 25, 2023          **PEARSON WARSHAW, LLP**

By:        _/s/ Daniel L. Warshaw_
               DANIEL L. WARSHAW
DANIEL L. WARSHAW (Bar No. 185365)
  dwarshaw@pwfirm.com
**PEARSON WARSHAW, LLP**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
Telephone: (818) 788-8300
Facsimile:  (818) 788-8104

---

[1] *Steven Cohen v. EP Global Production Solutions, LLC d/b/a Entertainment Partners*, Case No. 2:23-CV-07679 was filed on September 14, 2023 and the Fourth Notice of Related Case relating to the *Cohen* complaint to the Lead Case was filed on September 18, 2023. ECF No. 44.

PEARSON WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1
2
3
4
5
6
7

JAMES J. PIZZIRUSSO*
  jpizzirusso@hausfeld.com
AMANDA V. BOLTAX**
  mboltax@hausfeld.com
**HAUSFELD LLP**
888 16th Street, NW, Suite 300
Washington, D.C. 20006
Telephone: (202) 542-7200
Facsimile:  (202) 542-7201

8
9
10
11
12

STEVEN M. NATHAN (Bar No. 153250)
  snathan@hausfeld.com
**HAUSFELD LLP**
33 Whitehall Street, 14th Floor
New York, NY 10004
Telephone:  (646) 357-1100
Facsimile:   (212) 202-4322

13
14
15
16
17
18
19
20

PAUL R. KIESEL (Bar No. 119854)
  kiesel@kiesel.law
JEFFREY A. KONCIUS (Bar No. 189803)
  koncius@kiesel.law
MAHNAM GHORBANI (Bar No. 345360)
  ghorbani@kiesel.law
**KIESEL LAW LLP**
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Telephone:  (310) 854-4444
Facsimile:   (310) 854-0812

21

*Counsel for Plaintiff and the Proposed Class*

22
23

*\*Pro Hac Vice Pending*
*\*\*Pro Hac Vice Forthcoming*

24
25
26
27
28

PEARSON WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.  INTRODUCTION. .................................................................................... 1

II. THE PROPOSED LEADERSHIP GROUP IS BEST QUALIFIED TO LEAD THIS LITIGATION AND SHOULD BE APPOINTED INTERIM CO-LEAD COUNSEL. ........................................................ 2

    A.  The Proposed Leadership Group Has the Best Knowledge and Experience to Lead this Litigation. ................................................ 4

        1.  Mr. Pizzirusso's Knowledge and Experience. ........................... 5

        2.  Mr. Warshaw's Knowledge and Experience. ............................ 8

        3.  Mr. Kiesel's Knowledge and Experience. ................................ 10

III. RESOURCES. ...................................................................................... 13

IV. WORK IDENTIFYING AND INVESTIGATING THE CLAIMS. .............. 14

V.  CONCLUSION. ..................................................................................... 15

CERTIFICATE OF COMPLIANCE ............................................................... 17

PEARSON WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re American Medical Collection Agency, Inc. Customer Data
Security Breach Litig.*,
MDL No. 19-md-2904 (D.N.J.) ..................................................................7

*In re: Arby's Rest. Group, Inc. Data Security Litig.*,
1:17-cv-514-AT (N.D. Ga.) ......................................................................7

*In Re: Blackbaud, Inc. Customer Data Security Breach Litig.*,
MDL No. 3:20-mn-02972-JFA (D.S.C.) ..................................................10

*In re Carrier IQ Consumer Privacy Litig.*,
MDL No. 3:12-md-02330-EMC (N.D. Cal.) ...........................................10

*In re Credit Default Swaps Antitrust Litig.*,
MDL No. 1:13-md-02476-DLC (S.D.N.Y.) ..............................................9

*In re: Disposable Contact Lens Antitrust*,
MDL No. 3:15-MD-2626-J-20JRK, 2015 WL 10818781 (M.D. Fla.
Oct. 7, 2015). ..........................................................................................3

*Doe v. Highmark, Inc.*,
No. 2:23-cv-00350-NR (W.D. Pa.) ...........................................................7

*In re Equifax, Inc. Customer Data Security Breach Litig.*,
MDL No. 1:17-md-2800-TWT (N.D. Ga.) ............................................2, 7

*In re Facebook Internet Tracking Litig.*,
MDL No. 5:12-md-02314 (N.D. Cal.) ......................................................12

*First Choice Federal Credit Union v. Wendy's*,
2:16-cv-00506 (W.D. Pa.) .........................................................................7

*In re Goodyear Tire & Rubber Co. ERISA Litig.*,
No. 5:03-cv-02182, 2004 U.S. Dist. LEXIS 26706 (N.D. Ohio Apr.
22, 2004) ..................................................................................................4

*Grace v. Apple, Inc.*,
5:17-CV-00551-LHK (N.D. Cal.) ..............................................................9

PEARSON WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

*Greater Chautauqua Federal Credit Union v. Kmart Corp.*,
  1:15-cv-02228 (N.D. Ill.).......................................................................7

*Gupta v. Aeries Software, Inc.*,
  8:20-cv-00995-FMO-ADS (C.D. Cal.) ............................................10

*John Doe v. Partners Healthcare System, Inc., et al.*,
  Suffolk Superior Court, C.A. No. 1984CV01651-BLS1 (Suffolk
  Superior Court, Mass.)......................................................................12

*Kevin Risto v. Screen Actors Guild – Am. Fed'n. of TV & Radio Artists*,
  2:18-cv-07241-CAS-PLAx (C.D. Cal.) ...........................................11

*In re LastPass Data Security Incident Litig.*,
  1:22-cv-12047-PBS (D. Mass.) .........................................................8

*In re: Marriott International Inc., Customer Data Security Breach
  Litig.*,
  MDL No. 19-md-2879 (D. Md.) ........................................................6

*In re Meta Pixel Healthcare Litig.*,
  3:22-cv-03580-WHO (N.D. Cal.)......................................................11

*In re Oreck Corp. Halo Vacuum & Air Purifiers Mktg. & Sales Pracs.
  Litig.*,
  282 F.R.D. 486 (C.D. Cal. 2012) (J. Snyder).....................................1

*Outten v. Wilmington Tr. Corp.*,
  281 F.R.D. 193 (D. Del. 2012) ..........................................................4

*In Re: Overby-Seawell Company Customer Data Sec. Breach Litig.*,
  MDL No. 1:23-md-03056 (N.D. Ga.) .................................................8

*In re Premera Blue Cross Customer Data Sec. Breach Litig.*,
  MDL No. 3:15-md-2633-SI (D. Or.)...................................................7

*Senne v. The Office of the Commissioner of Baseball*,
  3:14-cv-00608-JCS (N.D. Cal.)..........................................................9

*In re T-Mobile Data Security Breach Litig.*,
  MDL No. 4:21-md-03019-BCW (W.D. Mo.) ...............................2, 6

*In re Target Corporation Customer Data Security Breach Litig.*,
  MDL No. 14-25522 (D. Minn.)...........................................................7

PEARSON WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
    MDL No. 3:07-md-01827-SI (N.D. Cal.) .......................................................... 9

*In re The Home Depot, Inc. Customer Data Security Breach Litig.*,
    MDL No. 14-md-02583 (N.D. Ga.) ................................................................ 7

*The Rick Nelson Co., LLC v. Sony Music Entm't*,
    1:18-cv-08791-LLS (S.D.N.Y.) ...................................................................... 12

*Trepte v. Bionaire*,
    Los Angeles County Superior Court, Case No. BC540110 ............................. 9

*Vale v. McGuinn*,
    Nos. 09 Civ. 3807 (RMB), 09 Civ. 4963 (RMB), 2009 WL 3297490
    (S.D.N.Y. Oct. 13, 2009) ................................................................................. 4

*Vallier v. Jet Propulsion Laboratory and California Institute of
    Technology*,
    CV 97-1171-CAS (C.D. Cal.) ......................................................................... 9

*Whelan v. Webster Fin. Corp.*,
    3:23-cv-00567 (D. Conn.) ................................................................................ 8

*In re: Wright Medical Tech., Inc., Conserve Hip Implant Prods. Liab.
    Litig.*,
    MDL No. 2329 (N.D. GA.) ............................................................................ 13

**Rules**

Federal Rule of Civil Procedure 23 .......................................................................... 2

Federal Rule of Civil Procedure 23(g) .................................................................... 1

Federal Rule of Civil Procedure 23(g)(1)(A) ...................................................... 3, 4

Federal Rule of Civil Procedure 23(g)(3) ............................................................... 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PEARSON WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

PEARSON WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION.

James Pizzirusso of Hausfeld LLP, Daniel Warshaw of Pearson Warshaw, LLP seek appointment as Interim Co-Lead Class Counsel in this action and Paul R. Kiesel of Kiesel Law LLP seeks appointment as interim Liaison Counsel (collectively, "Proposed Leadership Group").[2] Together, the Proposed Leadership Group would combine the experience, talents, and resources of one of the most widely recognized and successful data breach/privacy attorneys in the United States with leading class action attorneys in California who also have significant data breach and privacy-related experience, as well as a trial lawyer who is a member of American Board of Trial Advocates ("ABOTA") with dozens of jury verdicts. Messrs. Pizzirusso, Warshaw, and Kiesel should be appointed interim Co-Lead and Liaison counsel because of their extensive knowledge, local and relevant experience, and recognition in class actions, and specifically data breach and privacy litigation, which will enable them to lead this complex case to fruition with efficiency and skill and through trial if necessary.

Three issues make this Proposed Leadership Group the "best" suited counsel to represent the class under Rule 23(g): (1) resources, (2) knowledge, and (3)

---

[2] The Proposed Leadership Group understands that one other group of applicants is also seeking to be appointed as two Co-Leads and one Liaison. This Group suggested merging the two slates and working cooperatively, but the other group rejected that approach and were not willing to incorporate any members of The Proposed Leadership Group into their structure. With eleven cases here, it is preferable to incorporate as many firms as is efficient and reasonable into a structure to reflect the diverse viewpoints and experiences of the class. The Proposed Leadership Group is willing to work cooperatively with the other group in any structure that the Court would like to order such as through an Executive Committee. *See, e.g., In re Oreck Corp. Halo Vacuum & Air Purifiers Mktg. & Sales Pracs. Litig.*, 282 F.R.D. 486, 492 (C.D. Cal. 2012) (J. Snyder) (holding that competing firms in leadership appointment would be appointed to Executive Committee).

experience. The proposed Co-Lead Counsel here collectively have over 200 class action lawyers across the globe between their three firms—giving them the ability to fund this litigation and go toe-to-toe with the large defense firms in this matter.[3] They have also litigated and settled the *largest* data breach class actions to date including *Equifax* and *T-Mobile*. By heavily prosecuting cases in this space, expanding the law, and certifying contested classes in numerous data breach and privacy cases, their experience is unparalleled. Finally, should this matter go to trial, having experienced California class action trial counsel will be an asset.

## II.    THE PROPOSED LEADERSHIP GROUP IS BEST QUALIFIED TO LEAD THIS LITIGATION AND SHOULD BE APPOINTED INTERIM CO-LEAD COUNSEL.

Federal Rule of Civil Procedure 23 authorizes the Court to appoint interim class counsel, instructing that a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). The Middle District of Florida aptly summarized the benefits of interim class counsel as follows:

> Selection of interim lead counsel facilitates "efficiency and economy without jeopardizing fairness to the parties." [Manual for Complex Litigation (Fourth) (2004) § 10.22] (noting that interim counsel "assume a responsibility to the court and an obligation to act fairly, efficiently, and economically in the interests of all parties and parties' counsel"). In matters such as this, appointing seasoned lead counsel is one of the district court's key organizational tools. [*Id.*] at §§ 10.224, 21.272. The "designation of interim [class] counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Id.* at § 21.11.

---

[3] While Morgan and Morgan is a large personal injury firm, they include 58 attorneys in their class action group (https://www.forthepeople.com/attorneys/); The Arnold Law Firm has 11 (https://www.justice4you.com/our-attorneys.html); and Kazerouni Law Group has 25 (https://www.kazlg.com/attorneys/).

*In re: Disposable Contact Lens Antitrust*, MDL No. 3:15-MD-2626-J-20JRK, 2015 WL 10818781, at *1 (M.D. Fla. Oct. 7, 2015).

Pursuant to Federal Rule of Civil Procedure 23(g)(1)(A), in determining an interim class leadership appointment, the Court "must consider (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. Pr. 23(g)(1)(A). "If more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class." *Id.* at 23(g)(2). In appointing a class action leadership team, the Court should not only "ensure that the lawyers appointed to leadership positions are capable and experienced" but also "that they will responsibly and fairly represent all plaintiffs, keeping in mind the benefits of diversity of experience, skills, and backgrounds." Duke Guidelines (Best Practice 3C). These factors all support The Proposed Leadership Group's appointment as the counsel "best able" to represent the interests of the class here.

Notably, because these cases were all recently filed, no group of counsel or cases have advanced past the initial pleadings stage, and the order of the case filings should have no bearing on leadership considerations here. The cases are consolidated, and the Court has ordered plaintiffs to file a Consolidated Complaint after leadership is determined.[4] As Courts have recognized, "[w]hether someone was 'first to file' by itself has little to do with who is the best qualified to lead the case and does not satisfy the requirements of Rule 23(g). To hold otherwise would further encourage a 'rush to

---

[4] While the *Cohen* case was not initially included in the original Consolidation Order since it was filed on September 14, 2023, it is still subject to the Order.

PEARSON WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

APPLICATION FOR APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL AND LIAISON COUNSEL

the courthouse.'" *Vale v. McGuinn*, Nos. 09 Civ. 3807 (RMB), 09 Civ. 4963 (RMB), 2009 WL 3297490, at *4 (S.D.N.Y. Oct. 13, 2009) (quoting *Nowak v. Ford Motor Co.*, 240 F.R.D. 355, 365 (E.D. Mich. 2006)). Thus, Courts applying Rule 23(g)(1)(A) have generally concluded that the filing order of complaints is not a proper factor to consider in evaluating appointment. *See Outten v. Wilmington Tr. Corp.*, 281 F.R.D. 193, 199 (D. Del. 2012) (stating "the first-to-file factor when appointing lead counsel has been rejected") (citing *In re Scrap Metal Antitrust Litig.*, No. 1:02-cv-0844, 2002 WL 31988203, at *1 (N.D. Ohio Aug. 5, 2002); Manual for Complex Litigation § 10.22 (4th ed. 2004)); *see also In re Goodyear Tire & Rubber Co. ERISA Litig.*, No. 5:03-cv-02182, 2004 U.S. Dist. LEXIS 26706, at *15–16 (N.D. Ohio Apr. 22, 2004).

A. **The Proposed Leadership Group Has the Best Knowledge and Experience to Lead this Litigation.**

The Proposed Leadership Group includes attorneys with proven management and leadership capabilities, excellent and diverse legal skills, and importantly, thorough knowledge of the subject matters and issues critical to this case. The group is comprised of attorneys who will work well together (important to a cohesive, effective team) but who are also willing to reach out to and incorporate others to utilize their talents where needed. Most importantly, the group's attorneys have unparalleled knowledge and expertise in prosecuting consumer privacy and data breach claims and have a deep understanding of and expertise in California law. "Experience and knowledge of the law is of the utmost importance when determining lead counsel." *Outten v. Wilsmington Trust Corp.*, 281 F.R.D. 193, 200 (D. Del. 2012).

The Proposed Leadership Group also includes lawyers who have successfully obtained contested class certification in data breach, privacy, and California class actions, and successfully defended such certifications in the Circuit Courts of Appeal. They are also prepared to and have tried class action cases to verdict. While many lawyers have settled small value data breach class actions, this Group has the

PEARSON WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

resources and is prepared to litigate such cases through trial and appeal if necessary. Moreover, the data breach and privacy settlements that proposed Co-Lead Counsel have obtained are by far the largest in the country in terms of absolute dollars made available to class members.

### 1.    Mr. Pizzirusso's Knowledge and Experience.

Mr. Pizzirusso has proven management and leadership capabilities, excellent and diverse legal skills, and a thorough knowledge of the subject matters and issues critical to this case. According to the *Global* Competition *Review*, Hausfeld "is clearly recognized as one of the best plaintiffs' firms in the country." Hausfeld has recovered over ***$20 billion*** for its clients in trials and settlements and courts have appointed the firm's attorneys to leadership positions in hundreds of cutting-edge class actions. As a founding member of Hausfeld and chair of the firm's Data Breach and Privacy practice group, Mr. Pizzirusso has achieved national renown and success as one of the country's most preeminent cybersecurity attorneys.

Chambers and Partners ranks the leading lawyers and law firms across the world. In 2023, it ranked Mr. Pizzirusso (for the third year in a row) as one of only *sixteen* attorneys in the country (and one of only *three* plaintiffs' attorneys) in "Privacy and Data Security: Litigation." Chambers described Mr. Pizzirusso as:

> [A] highly experienced litigator, noted for his successful track record acting for plaintiffs in high-stakes cybersecurity and privacy law class actions. "James is a talented and zealous advocate for clients." "He's very talented with a great deal of business savvy. He has very good command of the technical issues always faced in litigation."[5]

Hausfeld is also the *only* Plaintiffs' firm in the country to receive a Band 1 ranking by Chambers in the category of Privacy & Data Security: Litigation, Nationwide (for the second year in a row). Law360 also recognized Hausfeld as

---

[5] Chambers & Partners, James J. Pizzirusso, https://chambers.com/lawyer/james-pizzirusso-usa-5:25411758.

having a "2021 Practice Group of the Year" in Cybersecurity & Privacy. Additionally, in 2021, Mr. Pizzirusso was personally named as one of Law360's "Cybersecurity & Privacy MVPs" (the only plaintiffs' attorney to receive that distinction). In 2020, the *National Law Journal* recognized Mr. Pizzirusso as a "Washington Trailblazer" for his role in data breach and privacy matters.[6] Similarly, in 2017 the *National Law Journal* named him a "Cybersecurity Trailblazer," one of only two plaintiffs' lawyers in the country to achieve that distinction.[7] *SuperLawyers* has recognized Mr. Pizzirusso as a "Top Rated Class Action & Mass Torts Attorney" in Washington, DC since 2016 and *Lawdragon* has named him as one of 500 Leading Plaintiff Consumer Lawyers in the country since 2019.

Given his expertise with data breach class actions, numerous courts have appointed Mr. Pizzirusso to leadership positions in these types of cases and he has successfully overseen and collaborated with hundreds of lawyers working at his direction. He has served in leadership in the largest data breach cases in the country. For example, in *In re T-Mobile Data Security Breach Litigation*, MDL No. 4:21-md-03019-BCW (W.D. Mo.), a breach impacting 75 million customers, Judge Brian Wimes appointed Mr. Pizzirusso to serve as one of three Co-Lead Counsel over dozens of competing applicants. There, he helped secure a record-setting $500 million settlement (the second largest in any data breach case) on behalf of the class including a cash fund of $350 million and an increased security spend of $150 million. Judge Paul Grimm (ret.) appointed Mr. Pizzirusso as Co-Lead Counsel in *In re: Marriott International Inc., Customer Data Security Breach Litig.*, MDL No. 19-md-2879 (D.

---

[6] *National Law Journal* 2020 Washington, D.C. Trailblazers, https://images.law.com/media/nationallawjournal/supplements/NLJTB_DC_2020/mobile/index.html (at p. 137).

[7] *National Law Journal* 2017 Cybersecurity and Data Privacy Trailblazers, https://images.law.com/media/nationallawjournal/supplements/NLJTB_CYBER_2017/mobile/index.html (at p. 52).

PEARSON WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

APPLICATION FOR APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL AND LIAISON COUNSEL

1  Md.), a breach impacting over 300 million customers. This is one of only a few data
2  breach cases in the country where the court certified a contested litigation class
3  (vacated and remanded on narrow grounds related to the applicability of a contested
4  class waiver).

5      Courts have also appointed Mr. Pizzirusso to leadership in numerous other data
6  breach cases, many of which he has successfully resolved, including:

7  • *In re Equifax, Inc. Customer Data Security Breach Litig.,* MDL No. 1:17-md-
8    2800-TWT (N.D. Ga.) (Plaintiffs' Steering Committee and Settlement
9    Committee) ($500 million settlement with $1 billion in upgraded data
10    security)

11 • *In re American Medical Collection Agency, Inc. Customer Data Security*
12    *Breach Litig.*, MDL No. 19-md-2904 (D.N.J.) (Steering Committee) ($6.3
13    million partial settlement currently pending)

14 • *In re Premera Blue Cross Customer Data Sec. Breach Litig.,* MDL No. 3:15-
15    md-2633-SI (D. Or.) (Executive Leadership Committee) ($74 million
16    settlement)

17 • *In re Target Corporation Customer Data Security Breach Litig.*, MDL No.
18    14-25522 (D. Minn.) (Steering Committee on behalf of financial institutions,
19    nationwide class certification granted, $60 million settlement approved)

20 • *In re: Arby's Rest. Group, Inc. Data Security Litig.,* 1:17-cv-514-AT (N.D.
21    Ga.) (Co-Lead) (~$5 million settlement);

22 • *Greater Chautauqua Federal Credit Union v. Kmart Corp.*, 1:15-cv-02228
23    (N.D. Ill.) (Co-Lead) (~$18.5 million settlement)

24 • *First Choice Federal Credit Union v. Wendy's*, 2:16-cv-00506 (W.D. Pa.)
25    (Plaintiffs' Executive Committee) ($50 million settlement)

26 • *In re The Home Depot, Inc. Customer Data Security Breach Litig.*, MDL No.
27    14-md-02583 (N.D. Ga.) (Chair of PSC) (~$35 million settlement)

28 • *Doe v. Highmark, Inc.*, No. 2:23-cv-00350-NR (W.D. Pa.) (PSC) (pending)

PEARSON WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

- *In re LastPass Data Security Incident Litig.*, 1:22-cv-12047-PBS (D. Mass.) (Co-Chair of PSC) (pending)
- *Whelan v. Webster Fin. Corp.*, 3:23-cv-00567 (D. Conn.) (Co-Lead) (pending)
- *In Re: Overby-Seawell Company Customer Data Sec. Breach Litig.,* MDL No. 1:23-md-03056 (N.D. Ga.) (PSC) (pending)
- *Kolstedt v. TMX Fin. Corp. Serv., Inc.*, 4:23-cv-00076 (S.D. Ga.) (PSC) (pending)

Aside from data breach and privacy cases, courts have also entrusted Mr. Pizzirusso with leadership positions in dozens of other class action matters. *See* Resume and Firm Bio, Exhibit A. Mr. Pizzirusso has also served on the Steering Committee of Sedona Working Group 11 on Data Security and Privacy Liability, the mission of which is to identify and comment on trends in data security and privacy law and work collaboratively with plaintiff and defense counsel. He has also appeared as a panelist at numerous conferences and presented and written on topics including cybersecurity, legal ethics, and consumer protection.

### 2. Mr. Warshaw's Knowledge and Experience.

Pearson Warshaw, LLP ("PW") is an AV-rated civil litigation firm with offices in Los Angeles, San Francisco, and Minneapolis. The firm handles national class actions that present cutting-edge issues in both substantive and procedural areas.

Mr. Warshaw, a founding partner at PW, focuses on complex litigation, class actions, antitrust, and consumer protection. He has held leadership roles in numerous state, federal, and multidistrict class actions, and obtained significant recoveries for class members in many cases. These cases have included, among other things, privacy, data breach, high-technology products, automotive parts, intellectual property, entertainment royalties, antitrust violations, and false and misleading advertising.

With his expertise in class action litigation, Mr. Warshaw has played an integral

PEARSON WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

role in several of the firm's groundbreaking cases. In the *In re TFT-LCD (Flat Panel) Antitrust Litigation*, MDL No. 3:07-md-01827-SI (N.D. Cal.) he assisted in leading this multidistrict to trial and securing $473 million in recoveries to the direct purchaser plaintiff class. In a separate action, after the firm was appointed as interim co-lead counsel in *In re Credit Default Swaps Antitrust Litigation*, MDL No. 1:13-md-02476-DLC (S.D.N.Y.), Mr. Warshaw successfully reached a settlement with defendants totaling $1.86 billion (plus injunctive relief)—one of the largest civil antitrust settlements in history. He also served a critical role in a lead position for a historic $185 million settlement in *Senne v. The Office of the Commissioner of Baseball*, 3:14-cv-00608-JCS (N.D. Cal.) wage and hour litigation on behalf of minor league baseball players. Lastly, Mr. Warshaw successfully litigated a toxic tort multi-plaintiff matter in this Court past summary judgment resulting in a confidential settlement on behalf of families that were exposed to alleged contaminated ground water emanating from the Jet Propulsion Laboratory and CalTech. *Vallier v. Jet Propulsion Laboratory and California Institute of Technology*, CV 97-1171-CAS.

Given his experience, Mr. Warshaw is no stranger to class actions that command the investment of significant time and resources. In the *In re TFT-LCD (Flat Panel) Antitrust Litigation*, Mr. Warshaw negotiated the ESI protocol and managed a document review process that featured nearly 8 million documents in multiple languages and 136 reviewers. In *Trepte v. Bionaire*, Los Angeles County Superior Court, Case No. BC540110, Mr. Warshaw led all key aspects of the case, including class certification, expert work, trial preparation, and settlement strategy. He also served as class counsel in *Grace v. Apple, Inc.*, 5:17-CV-00551-LHK (N.D. Cal.), a certified class action on behalf of consumers who allege that Apple intentionally broke its "FaceTime" video conferencing feature for iPhones with older operating systems.

Moreover, Mr. Warshaw has experience resolving data breach cases in leadership positions. While the firm was recently appointed Plaintiffs' Steering

PEARSON WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

APPLICATION FOR APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL AND LIAISON COUNSEL

1  Committee in a nationwide data breach class action in the *In Re: Blackbaud, Inc.*
2  *Customer Data Security Breach Litigation*, MDL No. 3:20-mn-02972-JFA (D.S.C.),
3  Mr. Warshaw also served as interim co-lead counsel on behalf of consumers who
4  alleged privacy violations arising from software installed on their mobile devices in
5  the *In re Carrier IQ Consumer Privacy Litigation*, MDL No. 3:12-md-02330-EMC
6  (N.D. Cal.). He also recently served as co-lead counsel and recently settled a data
7  breach case in this Court and received final approval in *Gupta v. Aeries Software,*
8  *Inc.*, 8:20-cv-00995-FMO-ADS (C.D. Cal.).

9      For 2022 and 2023, Mr. Warshaw was named by the *Daily Journal* as one of
10  the Top 100 Lawyers in California. He was also named as one of the Daily Journal's
11  Top Plaintiff Lawyers in 2019 and 2020, and one of the Top Antitrust Lawyers in
12  2020 and 2022. Mr. Warshaw has also been selected by his peers as a Super Lawyer,
13  representing the top 5% of practicing lawyers in southern California, every year since
14  2005. A copy of PW's firm resume is attached as Exhibit B.

15      **3.**    **Mr. Kiesel's Knowledge and Experience.**

16      Mr. Kiesel has repeatedly been selected as one of the top plaintiff attorneys in
17  the State of California and the country. The Los Angeles Business Journal recognized
18  Mr. Kiesel as one of the Top 50 Trial Lawyers. The Daily Journal named Mr. Kiesel
19  one of the 100 most influential attorneys in the State of California. He was also
20  selected as one of the top 500 attorneys in the United States by Law Dragon. In
21  addition, Mr. Kiesel is rated A.V. (highest rating) by Martindale-Hubbell.

22      The attorneys at Kiesel Law LLP ("KL") have wide-ranging experience in the
23  areas of complex actions in both state and federal courts. They have held lead, liaison
24  or co-lead positions in several mass tort and class action cases. KL's extensive
25  experience in class action law, combined with its knowledge, experience, and
26  expertise in similar cases, and the privacy arena in particular, demonstrates its unique
27  qualifications to serve as a member of Proposed Interim Counsel. Courts throughout
28  the country have appointed KL and its attorneys as class counsel in numerous class

PEARSON WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

and coordinated actions, including in this district. *See* Kiesel Law Firm Resume, Exhibit C. In such cases, and individual ones, KL has recovered millions of dollars for aggrieved class members and consumers generally. *Id.* As just one example, in *Kevin Risto v. Screen Actors Guild – Am. Fed'n. of TV & Radio Artists*, United States District Court, Case No. 2:18-cv-07241-CAS-PLAx (C.D. Cal.), KL was appointed Class Counsel on a contested motion for class certification for artists who alleged breach of fiduciary duties by nonprofit tasked with distributing their royalty payments under the Copyright Act. The claims specifically concerned an agreement between the nonprofit's board of directors which deducted a percentage of the streaming royalties and paid it to those Unions as a service fee before the remaining balance was distributed to artists. The class settlement, reached days before Mr. Kiesel was set to go to trial, of more than $10 million in monetary and non-monetary relief received final approval.

Class members in this case will benefit from the appointment of a member of Proposed Interim Counsel who has the experience of taking cases through trial, as well as devising fair settlement structures in similar cases should this matter resolve before trial. And, not only is KL highly competent, but Paul Kiesel, along with his partners and associates have developed a particular expertise in privacy actions through extensive investigation of the industry, consultation with industry professionals, and the prosecution of similar cases. KL's experience is described in further detail below:

- *In re Meta Pixel Healthcare Litig.*, 3:22-cv-03580-WHO (N.D. Cal.): KL appointed to Executive Committee in proposed class action filed on behalf of all patients whose information was allegedly intercepted and transmitted to Meta without their consent when those patients were engaged in what they thought were secure communications with their medical providers. Expert research showed that at least 664 hospital systems or medical provider web properties sent such HIPAA-protected data to Meta via the Facebook Pixel

PEARSON WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

PEARSON WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1  which is an invisible piece of code that was placed on the medical websites.

2  • *In re Facebook Internet Tracking Litig.*, MDL No. 5:12-md-02314 (N.D.

3  Cal.): KL appointed to Plaintiffs Steering Committee in class action alleging

4  interception of Facebook users' internet communications and activity after

5  logging out of Facebook. The matter has been settled and preliminary

6  approval recently granted for settlement providing for $90 million and

7  deletion of the data.

8  • *Southern California Gas Leak Cases,* California JCCP No. 4861 (L.A.S.C.):

9  The Porter Ranch gas leak has widely been reported as the single worst

10  natural gas leak in U.S. history. The Court appointed KL as Liaison Counsel

11  for the private plaintiffs, which includes the business class action complaints

12  filed by local businesses for economic losses, individual class action

13  complaints, and more than 38,000 individual plaintiffs' claims. The matter

14  has been settled for approximately $1.8 billion.

15  • *John Doe v. Partners Healthcare System, Inc., et al.,* Suffolk Superior Court,

16  C.A. No. 1984CV01651-BLS1 (Suffolk Superior Court, Mass.): Class

17  counsel in privacy action alleging Defendant medical providers did not obtain

18  sufficient consent when placing third-party analytics tools, cookies, and pixels

19  on their websites. Plaintiffs further alleged that the code caused browsers to

20  disclose information about their internet use to third-parties through these

21  analytics tools, cookies, pixels, and related technologies. Settlement of $18.4

22  million approved.

23  • *JUUL Labs Product Cases*, California JCCP 5052, Lead Case No.

24  19STCV22935 (L.A.S.C.): KL appointed Co-Lead Plaintiffs' Counsel for

25  Private Plaintiffs in this JCCP where there are thousands of cases pending.

26  • *The Rick Nelson Co., LLC v. Sony Music Entm't*, 1:18-cv-08791-LLS

27  (S.D.N.Y.): KL appointed class counsel for artists who alleged that Sony

28  improperly reduced and failed to adequately pay foreign streaming royalties

1  for use of their artistic works. Class settlement of more than $12 million in
2  cash and an increase of royalty rates for future foreign streaming approved.

3  • *Clergy Cases I, II, & III*, California JCCPs 4286, 4297, and 4359 (L.A.S.C.):
4  KL litigated childhood sexual abuse cases against Los Angeles Archdiocese
5  with total settlement exceeding $1.2 billion.

6  • *In re: Wright Medical Tech., Inc., Conserve Hip Implant Prods. Liab. Litig.*,
7  MDL No. 2329 (N.D. GA.): KL appointed Co-Lead Counsel in MDL arising
8  out of injuries sustained as a result of defective metal-on-metal hip devices.
9  KL was then part of bellwether trial team that obtained an $11 million verdict
10  in Atlanta, GA, in November 2015, including $10 million in punitive
11  damages.

12  Additional information regarding KL and the qualifications of its attorneys is
13  attached as Exhibit C.

14  ## III.    RESOURCES.

15  Hausfeld is widely acknowledged as the most successful class action law firm
16  in the world. Hausfeld's resources, including over 170 lawyers in eleven offices
17  around the globe, are unmatched in the class action space; although some personal
18  injury firms are larger, no plaintiff-side *class action-focused firm* is larger. Hausfeld
19  has also recovered over $20 billion for their clients in trials and settlements, a number
20  that is also unrivaled. In short, no other firm can match the resources Hausfeld can
21  bring to the table here.

22  PW specializes in complex litigation, including state coordination cases and
23  federal Multi-District Litigations. Its attorneys have extensive experience in a wide
24  range of cases, including consumer protection and breach of contract class actions, as
25  well as antitrust, securities, and unlawful employment cases. The attorneys at the firm
26  have held, or currently hold, leadership roles in many large and complex actions
27  similar to this one, and they have consistently achieved stellar results on behalf of
28  their clients. The firm understands how to litigate difficult and large cases in an

PEARSON WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

efficient and cost-effective manner, and they have used these skills to obtain outstanding results for their clients, both through trial and negotiated settlement. PW attorneys are recognized in their field for excellence and integrity, and are committed to seeking justice for their clients. PW has received over $3 billion in settlements and judgments for the clients.

As described above, KL has developed a particular expertise in class action privacy litigation. As such, KL is well-versed in the necessary technology to handle voluminous and complex discovery, including discovery of the scope and nature anticipated in this case. Furthermore, KL has sufficient attorneys and other professionals to staff this case and will designate a primary team of attorneys who will bring unique skills and experiences to representing the proposed Class. Finally, KL routinely advances the costs of litigation and has demonstrated an ability and willingness to dedicate substantial resources to vigorously prosecute the claims, while maintaining reasonable fees and expenses.

## IV.    WORK IDENTIFYING AND INVESTIGATING THE CLAIMS.

As the breach was announced, the Proposed Leadership Group began an independent investigation outside formal discovery to develop an understanding of the vulnerability which led to the breach and the development of evidence to support liability. The Proposed Leadership Group filed a standalone complaint based on this investigation. They have also retained experts, including former FBI special agents, to support their claims.

Finally, this team has significant experience monitoring billing, controlling costs, and avoiding duplication of effort in assigning and undertaking case-related work. Mindful of best practices in complex cases like this one, if appointed, the proposed group will also seek to have the Court enter a time billing and cost protocol given the importance of efficient, effective litigation and of keeping the Court informed in the manner best suited to this Court's needs.

/ / /

14

PEARSON WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

**V.   CONCLUSION.**

In light of the extensive experience and knowledge of the proposed team here in prosecuting class actions—in particular data breach and privacy class actions—and the immense resources they will devote to the efficient litigation of this case on behalf of the class, the Court should appoint Mr. Pizzirusso and Mr. Warshaw as Interim Co-Lead Class Counsel, and Mr. Kiesel as Liaison Counsel in this case, or in whatever structure the Court finds appropriate.

DATED:  September 25, 2023          **PEARSON WARSHAW, LLP**


By:      /s/ Daniel L. Warshaw
          DANIEL L. WARSHAW
    DANIEL L. WARSHAW (Bar No. 185365)
       dwarshaw@pwfirm.com
    **PEARSON WARSHAW, LLP**
    15165 Ventura Boulevard, Suite 400
    Sherman Oaks, California 91403
    Telephone: (818) 788-8300
    Facsimile:  (818) 788-8104

    JAMES J. PIZZIRUSSO*
       jpizzirusso@hausfeld.com
    AMANDA V. BOLTAX**
       mboltax@hausfeld.com
    **HAUSFELD LLP**
    888 16th Street, NW, Suite 300
    Washington, D.C. 20006
    Telephone: (202) 542-7200
    Facsimile:  (202) 542-7201

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PEARSON WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

STEVEN M. NATHAN (Bar No. 153250)
   snathan@hausfeld.com
**HAUSFELD LLP**
33 Whitehall Street, 14th Floor
New York, NY 10004
Telephone:  (646) 357-1100
Facsimile:    (212) 202-4322

PAUL R. KIESEL (Bar No. 119854)
   kiesel@kiesel.law
JEFFREY A. KONCIUS (Bar No. 189803)
   koncius@kiesel.law
MAHNAM GHORBANI (Bar No. 345360)
   ghorbani@kiesel.law
**KIESEL LAW LLP**
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Telephone: (310) 854-4444
Facsimile:    (310) 854-0812

*Counsel for Plaintiff and the Proposed Class*

*\*Pro Hac Vice Pending*
*\*\*Pro Hac Vice Forthcoming*

**CERTIFICATE OF COMPLIANCE**

The undersigned counsel of record for Plaintiff Steven Cohen and the proposed class, certifies that the memorandum of points and authorities contains 16 pages, which complies with the page limit set by court order dated September 13, 2023 (ECF No. 43).

_/s/ Daniel L. Warshaw_
DANIEL L. WARSHAW

PEARSON WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403